SARAH WILLIAMS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
PO Box 386
Washington, DC 20044-0386
Telephone: 202-616-4269
Fax: 202-514-8742
sarah.williams@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFRICAN AMERICAN TOBACCO CONTROL LEADERSHIP COUNCIL, ACTION ON SMOKING AND HEALTH, AMERICAN MEDICAL ASSOCIATION, AND NATIONAL MEDICAL ASSOCIATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICE, XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. FOOD AND DRUG ADMINISTRATION; JANET WOODCOCK, in her official capacity as Acting Commissioner of the U.S. Food and Drug Administration; CENTER FOR TOBACCO PRODUCTS; MITCH ZELLER in his official capacity as the Center for Tobacco Products, Director.<br><br>    Defendants. | Case No. 4:20-cv-4012-KAW<br><br>**SECOND JOINT CASE MANAGEMENT STATEMENT** |

The parties provide the following second joint case management statement:

The Court previously granted a stipulated extension of all litigation deadlines until after April 29, 2021, to provide sufficient time for Defendants to respond to Plaintiffs' citizen petition. *See* Dkts. 40 and 44. On April 29, 2021, Defendants provided their response, stating that based on FDA's consideration of the existing scientific evidence, "eliminating menthol as a characterizing flavor in cigarettes would benefit public health," and thus the "existing tobacco product standard should be changed." *See* Attach. A at 14. FDA also stated its intention to issue a proposed rule to prohibit menthol as a characterizing flavor in cigarettes, pursuant to "notice and comment rulemaking" procedures set forth in the Administrative Procedure Act and the Federal Food, Drug, and Cosmetic Act. *Id*. FDA did not commit to a date certain for publication of the proposed rule in the Federal Register, but stated that it "intends to make this proposed rule one of the Agency's highest priorities." *Id*.

Following FDA's response, the parties agreed that Plaintiffs will have until May 21, 2021 to amend or supplement their Complaint to address the above developments, and that Defendants will have until June 9, 2021 to respond. *See* Dkt. 49. On that date, Defendants intend to file a motion to dismiss based on mootness. Plaintiffs intend to oppose.

The requested hearing date is Thursday, July 15, 2021 at 1:30pm PST.

**Additional Issues:**

**1. Parties' Positions:**

**<u>Plaintiffs' Position:</u>**

Plaintiffs are pleased that FDA now acknowledges that "eliminating menthol as a characterizing flavor in cigarettes would benefit public health," and that the "existing tobacco product standard should be changed." *Id*. But, given Defendants' history of pronouncements and inaction on menthol, *see* 2d Am. Compl. (Dkt. 40), *generally*, Plaintiffs are concerned that Defendants have not issued a notice of proposed rulemaking, or even committed to a date certain to publish such notice in the Federal Register. *Cf*. 21 C.F.R. § 10.30(e)(2)(i) (requiring that in a response approving a petition "the Commissioner shall concurrently take appropriate action (e.g., publication of a Federal Register notice) implementing the approval."). Plaintiffs' request for rulemaking is still very much live—not abandoned. And FDA's

response and promises of future action do not moot Plaintiffs' claims or entitled relief.

**Defendants' Position:**

The Court previously held that the Tobacco Control Act "does not necessarily require that FDA modify the flavor ban, but a determination of whether the flavor ban should be modified is required by that statute." Dkt. 34 at 8. Defendants have now made a determination, based on FDA's evaluation of the existing tobacco product standards, that such standards should be changed to eliminate menthol as a characterizing flavor in cigarettes. *See* Attach. A. at 14 (making a determination and describing the appropriate action that Defendants are taking "consistent with FDA's determination"). Plaintiffs are not entitled to any further relief under the Administrative Procedure Act, and indeed, Plaintiffs already abandoned their argument that rulemaking was required. *See* Dkt. 30 at 1-2 (noting the abandonment). Now that FDA has made a determination, this case should be dismissed.

**2. Changes in Parties:**

On December 3, 2020, Plaintiffs filed a Second Amended Complaint, adding the National Medical Association ("NMA") as a plaintiff. The NMA has consented to this Court's jurisdiction and filed its "Certification of Interested Entities or Persons." After January 20, 2021, Department of Health and Human Services Secretary Xavier Becerra and Food and Drug Administration Acting Commissioner Janet Woodcock were automatically substituted as defendants, through the operation of Rule 25(d).

There are no legal disputes regarding the addition or substitution of these parties.

**3. Settlement and ADR:**

The parties have complied with ADR L.R. 3-5, but disagree as to the value of ADR at this time.

Respectfully submitted,

Date:  May 18, 2021

/s/ Christopher K. Leung
Christopher K. Leung (SBN 210325)
Pollock Cohen LLP
60 Broad St., 24th Fl.
New York, NY 10004
Tel.: (212) 337-5361
Fax.: (347) 696-1227

SECOND JOINT CASE MANAGEMENT STATEMENT
Case No. 4:20-cv-4012-KAW

Chris@PollockCohen.com

*Counsel for Plaintiffs African American Tobacco Control Leadership Council, Action on Smoking and Health, American Medical Association, and National Medical Association*

Date: May 18, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director

HILARY K. PERKINS
Assistant Director

*/s/ Sarah Williams*
Sarah Williams
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice, Civil Division
P.O. Box 386
Washington, D.C. 20044-0386
Telephone: 202-616-4269
Fax: 202-514-8742
sarah.williams@usdoj.gov

*Counsel for Defendants*