Christopher K. Leung (SBN 210325)
Pollock Cohen LLP
60 Broad St., 24th Fl.
New York, NY 10004
Tel.: (212) 337-5361
Fax.: (347) 696-1227
Chris@PollockCohen.com

*Counsel for Plaintiffs African American Tobacco Control Leadership Council, Action on Smoking and Health, American Medical Association, and National Medical Association*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFRICAN AMERICAN TOBACCO CONTROL LEADERSHIP COUNCIL, ACTION ON SMOKING AND HEALTH, AMERICAN MEDICAL ASSOCIATION, and NATIONAL MEDICAL ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. FOOD AND DRUG ADMINISTRATION; JANET WOODCOCK, in her official capacity as Acting Commissioner of the U.S. Food and Drug Administration; CENTER FOR TOBACCO PRODUCTS; MITCH ZELLER in his official capacity as the Center for Tobacco Products, Director,<br><br>Defendants. | Case No.: 4:20-cv-4012-KAW<br><br>**PLAINTIFFS' NOTICE OF SUPPORT FOR PUBLIC HEALTH LAW CENTER'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF** |

## INTRODUCTION

Plaintiffs African American Tobacco Control Leadership Council, Action on Smoking and Health, the American Medical Association, and the National Medical Association support the Public Health Law Center's motion seeking leave to file an *amicus curiae* brief in this case. *See* Public Health Law Ctr. Mot. For Leave to File *Amicus Curiae* Br. (ECF No. 61).

Contrary to the Defendants' suggestion, the Public Health Law Center meets the classic criteria for an amicus curiae filing—the Center's proposed brief will be helpful to this Court. The proposed brief amplifies and supplements several points not otherwise covered by the parties' briefs. The Center furthermore provides a unique perspective on a matter of great public interest. The Center was the lead petitioner of the Citizen Petition that is at issue here. The Center also possesses a deep (and undisputed) expertise on matters concerning the federal Family Smoking Prevention and Tobacco Control Act.

Finally, because Defendants' remaining arguments (i.e., concerning timeliness and burden) may be easily resolved—i.e., through an additional briefing opportunity for Defendants (if need be) and a rescheduled hearing date (for example, in October 2021)[1]—this Court may set aside Defendants' arguments, and should grant the Center's request for leave. *See* 1 Moore's Fed. Prac. – Civil § 1.21[1][c] (2021) (noting that the spirit of the Rules "favors decisions on the merits," and not "procedural technicalities").

## LEGAL STANDARD

"The 'classic role' of amicus curiae is to assist a court in a case of public interest by 'supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration.'" *California v. United States DOI*, 381 F. Supp. 3d 1153, 1163–64 (N.D. Cal. 2019) (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir.

---

[1] Defendants have proposed, for example, allowing Defendants an additional three weeks to respond to any amicus filing, and a rescheduled hearing date of October 7, 2021. *See* Defs.' Opp. Br. at 5 (ECF No. 62).

1982)). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *NGV Gaming, Ltd. v. Upstream Point Molate, LLC, Ltd. Liab. Co.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)) (granting the Guidiville Band of Pomo Indians' request for leave to file an amicus brief, in light of the Tribe's position and involvement in the events leading to the filed litigation and interest in the agreements at issue).

Indeed, the question of "[w]hether to allow [a]mici to file a brief is solely within the Court's discretion, and generally courts have 'exercised great liberality'" in permitting amicus briefs. *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 U.S. Dist. LEXIS 4467, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007) (citations omitted, alterations in orig.). For example, in *California v. United States DOI*, 381 F. Supp. 3d 1153 (N.D. Cal. 2019), the court there granted the Institute for Policy Integrity's request for leave to file an *amicus curiae* brief, over the federal defendants' objections. The federal defendants argued, among other things, that the Institute's proposed brief contained extra-record citations, raised new issues, and added nothing new to the proceedings. *See id.* at 1163, 1164. But the district court granted the Institute's motion where its proposed brief was "useful" and "amplifie[d] a number of points raised in the parties' papers." *Id.* at 1164; *see also Strike 3 Holdings, LLC v. Doe*, No. 20cv67-LAB-LL, 2020 U.S. Dist. LEXIS 103438, at *2 (S.D. Cal. June 12, 2020) (granting Electronic Frontier Foundation's request to file an *amicus* brief where the Foundation's proposed brief "amplifie[d] the points raised … which may be useful to the Court").

In short, "[t]here are no strict prerequisites that must be established prior to qualifying for amicus status; an [entity] seeking to appear as amicus must merely make a showing that [its] participation is useful or otherwise desirable to the court." *California*, 381 F. Supp. 3d at 1164; *see Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982).

**ARGUMENT**

Here, several reasons support this Court granting the Public Health Law Center's request for leave to file an *amicus curiae* brief in this case:

**First**, the Public Health Law Center—formerly known as the Tobacco Control Legal Consortium[2]—possesses a unique perspective, separate and apart from the Plaintiffs. Since 2003, the Center has served as the nation's primary source of legal technical assistance on tobacco control policies.[3] Each year, the Center has helped hundreds of health officials, lawmakers, and advocates nationwide on a range of tobacco issues. And as a result, the Center has been nationally recognized as a "go to" resource for all matters of tobacco policy. In 2004, for example, the Public Health Law Center received the Centers for Disease Control and Prevention's National/Regional Collaboration Award.

The Center has furthermore served as a consultant to the CDC's Office of Smoking and Health on the federal Family Smoking Prevention and Tobacco Control Act—the very same Act at issue in this case. The Center was the lead petitioner of the 2013 Citizen Petition at issue in this case. *See* generally, Defs' 2d Mot. To Dismiss, ECF No. 53, and Pls.' Opp. Br., ECF No. 58. The Center has also worked to advance the regulation of menthol cigarettes at the federal, state, and local level. In a nutshell, the Center possesses a deep expertise on the FDA's implementation of the Tobacco Control Act, which no other Plaintiff shares, *see* 2d Am. Compl. (1st Suppl.), ¶¶ 23–39 (describing each plaintiff's respective background, mission, and interest in removing menthol from combustible cigarettes).

**Second**, the Center's brief supplements and provides a greater context to the parties' arguments. For example, Defendants contend that their April 29, 2021 announcement moots

---

[2] The Tobacco Control Legal Consortium changed its name to the Public Health Law Center in 2019. *See Public Health Law Center Retires Consortium Name*, Public Health Law Center (May 14, 2019), available at https://www.publichealthlawcenter.org/blogs/2019-05-14/public-health-law-center-retires-consortium-name.

[3] *See Tobacco Control Legal Consortium*, Public Health Law Center, available at https://publichealthlawcenter.org/sites/default/files/resources/tclc-fs-overview-2010_0.pdf.

3
Pls.' Support for Public Health Law Center's Mot. To File an *Amicus Curiae* Br.
Case No.: 4:20-cv-4012-KAW

Plaintiffs' remaining claims (it does not). Plaintiffs contend, however, that an exception to the mootness doctrine exists, based on Defendants' pattern and history of delay—not only within the menthol context, but in several other critical public health spheres governed by FDA. *See* Pl. Opp. Br., 17–21; *see Rosemere Neighborhood Ass'n v U.S. Environmental Protection Agency*, 581 F.3d 1169, 1175 (9th Cir. 2009) (reversing the district court's finding of mootness, where the federal agency defendant was shown to be engaged a "pattern of delay").

Here, the Center's proposed brief goes well beyond the parties' cited instances of Defendants' delay and inaction. Rather, the Center's brief describes in detail Defendants' history and ongoing pattern of delay, missed deadlines, and inaction on numerous tobacco control initiatives all aimed at protecting the public health. *See* Public Health Law Center Proposed Amicus Br., 15–21 (ECF No. 61-2). As noted by the Center's proposed brief, "*Amici* are aware of no cases where the FDA has placed a new intended tobacco regulatory action on the URA [i.e., Uniform Regulatory Agenda] with a proposed deadline and then met that deadline on the first try. Rather, it has always been the case that upon publication of the next URA, an initial deadline will be pushed back, and the process may repeat itself many times over while years pass." *Id*. at 16.

The Center's proposed brief then notes numerous instances where FDA failed to propose a rule or regulations, in accordance with the Tobacco Control Act or else the agency's own proposed deadline. Such failures include missed deadlines or agency inaction as to proposed rules or regulations concerning the sale of tobacco products to persons younger than 21 years of age; non-face-to-face sales of tobacco products, and the marketing and promotion of tobacco products; the testing of tobacco products; the registration and product listing of tobacco products; the manufacturing process; tobacco product applications; nicotine reduction; removing menthol from cigars; graphic warning labels on packs of cigarettes; and the premarket review of electronic cigarettes. *See id.* at 17–21. In sum, because this information is relevant and helpful to this Court's analysis (and further supplements the parties' briefing), this Court should grant the Center's request for leave.

**Finally**, because Defendants' remaining arguments concerning burden and timeliness may be easily resolved—i.e., by (a) providing Defendants an additional opportunity to respond to the Center's brief, and (b) moving the parties' hearing date to the October 7 date proposed by Defendants, or else another date that is convenient for the Court—Defendants' arguments here may be set aside. The Rules favor the resolution of matters on the merits, not technicalities.

## CONCLUSION

For all the foregoing reasons, Plaintiffs support the Public Health Law Center's request to file an amicus curiae brief in this case.

Date: September 7, 2021
New York, NY

Respectfully submitted,

*/s/ Christopher K. Leung*

Christopher K. Leung (SBN 210325)
Pollock Cohen LLP
60 Broad St., 24th Fl.
New York, NY 10004
Tel.: (212) 337-5361
Fax.: (347) 696-1227
chris@pollockcohen.com

*Counsel for Plaintiffs African American Tobacco Control Leadership Council, Action on Smoking and Health, American Medical Association, and National Medical Association*