TIM BYRON (SBN 277569)
tbyron@byronraphael.com
BYRON RAPHAEL LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 839-8500
Facsimile: (213) 377-5771

DENNIS A. HENIGAN (Of Counsel)
CONNOR FUCHS (Of Counsel)
dhenigan@tobaccofreekids.org
cfuchs@tobaccofreekids.org
CAMPAIGN FOR TOBACCO-FREE KIDS
1400 I Street, NW, Suite 1200
Washington, D.C. 20005
(202) 296-5469

Attorneys for Proposed *Amici Curiae*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFRICAN AMERICAN TOBACCO CONTROL LEADERSHIP COUNCIL, ACTION ON SMOKING AND HEALTH, AMERICAN MEDICAL ASSOCIATION, AND NATIONAL MEDICAL ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. FOOD AND DRUG ADMINISTRATION; JANET WOODCOCK, in her official capacity as Acting Commissioner of Food and Drugs; CENTER FOR TOBACCO PRODUCTS; MITCH ZELLER in his official capacity as the Director of the Center for Tobacco Products,<br><br>Defendants. | No. 4:20-cv-4012-KAW<br><br>**NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* MEDICAL AND PUBLIC HEALTH GROUPS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS** |

1    Pursuant to Local Rule 7-11, proposed *amici curiae*, eighteen medical, public health, and community organizations, move this Court for leave to file the attached proposed brief in support of Plaintiffs' Opposition to Defendants' Second Motion to Dismiss. The organizations are: American Academy of Pediatrics, American Cancer Society Cancer Action Network, American College of Physicians, American Heart Association, American Lung Association, American Public Health Association, American Thoracic Society, Association of Black Cardiologists, Black Women's Health Imperative, Campaign for Tobacco-Free Kids, Kaiser Permanente, National Black Nurses Association, National LGBT Cancer Network, Parents Against Vaping e-cigarettes, Save a Girl, Save a World, The Center for Black Health and Equity, Trinity Health, and Truth Initiative (collectively, "Medical and Public Health Groups"). Plaintiffs have consented to the filing of the proposed brief. Defendants declined to consent to the filing of this brief.

*Amici* submit that their participation in this case will be useful to the Court because (1) *amici,* by the very nature of their work, are uniquely positioned to provide the Court with information regarding the health harms of menthol cigarettes, which will continue to accumulate if FDA's Second Motion to Dismiss is granted; and (2) the harms that the proposed brief details are not fully addressed in the parties' papers. *Amici*'s proposed brief is also timely because Defendants have ample time to respond to it prior to the currently scheduled October 21, 2021 hearing on the Second Motion to Dismiss, it will not cause any delay in the litigation, and it has been filed sufficiently in advance of the hearing to be useful to the Court. Accordingly, *amici* submit the attached brief to aid the Court in deciding the Second Motion to Dismiss.

"Whether to allow Amici to file a brief is solely within the Court's discretion, and generally courts have 'exercised great liberality' in permitting amicus briefs." *California v. United States Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2007). To be granted *amicus* status, "an individual…must merely make a showing that his participation is useful or otherwise desirable to the court." *California*, 381 F. Supp. 3d at 1164. A brief is useful when *amici* have "unique information or perspective[s] that can help the court beyond the help that the lawyers for the parties are able to provide," *NGV Gaming, Ltd. v.*

1  *Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citation omitted), or when the brief "amplifies a number of points raised in the parties' papers." *California*, 381 F. Supp. 3d at 1164.  Here, both factors are satisfied.

Proposed *amici* are particularly well suited to inform the Court of the public health urgency of prohibiting the manufacture and sale of menthol cigarettes, and the necessity for the Court to deny Defendants' Second Motion to Dismiss.  As set forth in the description of the *amici* included in the Addendum to the proposed brief, each of the groups works on a daily basis to reduce the devastating health harms of tobacco products, including menthol cigarettes.  From pediatricians who counsel their young patients and their parents about the hazards of tobacco use, to organizations with formal programs to urge users to quit, to groups representing parents and families struggling to free young people from nicotine addiction, each of these organizations has substantial expertise in the role menthol cigarettes play in increasing youth smoking, decreasing smoking cessation, and imposing a disproportionate burden on communities of color targeted by the tobacco industry.

While Plaintiffs have briefly addressed the health harms of menthol cigarettes, primarily as it relates to FDA's recognition of these harms – and Defendants avoid the issue completely – *amici's* proposed brief goes into much greater detail on these harms and why they justify denial of the Second Motion to Dismiss.  For example, the proposed brief discusses the overwhelming evidence that menthol cigarettes increase youth initiation of smoking, increase addiction, reduce cessation, and disproportionately impact African Americans.  It also presents evidence concerning the aggressive marketing of menthol cigarettes, particularly targeting African Americans, which continues to this day.  As explained in the proposed brief, these facts are highly relevant to the Court's decision on the Second Motion to Dismiss because granting the Government's Motion would deny Plaintiffs legally available relief to ensure against further FDA delay in issuing a rule prohibiting menthol as a characterizing flavor in cigarettes.

Finally, *amici's* proposed brief is timely – and the timing of the filing would not prejudice the parties – because the parties have ample time to respond to it before the October 21, 2021

hearing on the Second Motion to Dismiss,[1] and the Court's consideration of the brief would not lead to delays in the litigation. *See, e.g.*, *Oneida Tribe of Indians of Wis. v. Village of Hobart Wis.*, No. 06-C-1302, 2007 WL 3025495, at *1 (E.D. Wis. Oct. 15, 2007) (granting leave to file *amicus* brief when party "has an adequate opportunity to respond to the arguments of the *amici*…and [g]ranting the motion will not result in unreasonable delay"); *California v. United States Dep't of Labor*, No. 2:13-CV-02069, 2014 WL 12691095, at *2 (E.D. Cal. Jan. 14, 2014) (granting leave if *amicus* brief "filed no later than 14 days before the noticed date for hearing"). Here, *amici's* proposed brief has been filed 27 days before the noticed hearing date (October 21, 2021) – nearly double the time parties typically have to oppose a motion. *See* L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed."). Therefore, granting *amici* leave to file would afford the parties ample opportunity to respond to the proposed brief and would not result in any delay to the litigation.

In cases where courts have denied leave for an *amicus* brief that was filed outside of the briefing schedule,[2] courts did so because it was filed "too late to be useful to the Court." *Finkle v. Howard Cnty.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014) (proposed *amicus* brief filed 6 days before court issued opinion); *see also Jamul Action Comm. v. Chaudhuri*, No. 13-cv-1920, 2015 WL 1802813, at *2 (E.D. Cal., April 17, 2015) (denying leave to file an *amicus* brief that was "unhelpful to resolve any pending issue and [was] best understood as a request for reconsideration of the court's previous order…decided several months before the proposed amicus brief was filed"). Here, as evidenced by the Court's Order Requiring Supplemental Briefing (Dkt. No. 63) and the current October 21, 2021 hearing date, the Court continues to consider Defendants' Second Motion to Dismiss. *Amici's* proposed brief – filed 27 days before the hearing date and 11 days before the conclusion of all briefing on the Second Motion to Dismiss – has been filed in time to be useful to the Court. Accordingly, *amici's* proposed brief is timely.

---

[1] Order Requiring Supplemental Briefing: Continuing Hearing Date, Dkt. No. 63 (Sept. 7, 2021).
[2] *See* Defendants' Opposition to the Public Health Law Center's Untimely Motion for Administrative Relief for Leave to File *Amicus Curiae* Brief in Support of Plaintiffs' Opposition to Defendants' Second Motion to Dismiss, Dkt. No. 62, at 2-3 (Sept. 6, 2021).

For the foregoing reasons, proposed *amici* respectfully request that the Court permit the filing of the concurrently submitted *amicus curiae* brief.

Dated: September 24, 2021

Respectfully submitted,
BYRON RAPHAEL LLP

*/s/ Tim Byron*
Tim Byron (SBN 277569)
tbyron@byronraphael.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (415) 839-8500
Fax: (213) 377-5771

CAMPAIGN FOR TOBACCO-FREE KIDS
Dennis A. Henigan
Connor Fuchs
dhenigan@tobaccofreekids.org
connorfuchs@tobaccofreekids.org
1400 I St. NW, Suite 1200
Washington, DC 20005
Tel: (202) 481-9366
Fax: (202) 296-5427
Attorneys for Proposed *Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2021, I electronically filed the foregoing via the CM/ECF system, which will send a Notification of Electronic Filing to all counsel of record.

/s/ Tim Byron
Tim Byron