1  SARAH WILLIAMS
   Trial Attorney
2  Consumer Protection Branch
   U.S. Department of Justice, Civil Division
3  PO Box 386
   Washington, DC 20044-0386
4  Telephone: 202-616-4269
   Fax: 202-514-8742
5  sarah.williams@usdoj.gov

6  *Counsel for Defendants*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AFRICAN AMERICAN TOBACCO CONTROL LEADERSHIP COUNCIL, ACTION ON SMOKING AND HEALTH, AMERICAN MEDICAL ASSOCIATION, and NATIONAL MEDICAL ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. FOOD AND DRUG ADMINISTRATION; JANET WOODCOCK, in her official capacity as Acting Commissioner of Food and Drugs; CENTER FOR TOBACCO PRODUCTS; MITCH ZELLER in his official capacity as the Director, Center for Tobacco Products.<br><br>Defendants. | Case No. 4:20-cv-4012-KAW<br><br>**DEFENDANTS' OPPOSITION TO THE MEDICAL AND PUBLIC HEALTH GROUPS' UNTIMELY MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS (Dkt. 66)** |

On September 24, 2021, several interest groups, referred to in their motion as "Medical and Public Health Groups" (herein, "Groups"), filed an untimely motion for leave to file an *amici curiae* brief in support of Plaintiffs' Opposition to the Second Motion to Dismiss. The motion shares many similarities with the Public Health Law Center's earlier motion for leave to file an amicus curiae brief, *see* PHLC Br., Dkt. 61, which the Court denied as untimely. So too here, the Groups' proposed amici brief is untimely and their motion for leave to file it should be denied. *See* Order Denying Mot. to File Amicus Curiae Br. ("Order"), Dkt. 67.

As the Court has explained, it may "reject the filing of an amicus brief when it is unhelpful." Order, Dkt. 67 at 1-2, *citing Jamul Action Comm. v. Chaudhuri,* No. 2:13-cv-1920- KLJ-KJN, 2015 U.S. Dist. LEXIS 51133, at *5 (E.D. Cal. Apr. 16, 2015) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)). An amicus brief "may be unhelpful for many reasons, including because it is untimely or does not provide information relevant to a pending decision." *Id*.

The Groups' proposed amici brief is untimely. Pursuant to the parties' stipulation, Plaintiffs' opposition was due on July 7, 2021, and Defendants' reply was due on July 21, 2021. Dkt. 57. The Groups filed their motion for leave to file an amici brief on September 24, 2021, 79 days after the opposition was due and 65 days after briefing concluded. As the Court explained in denying PHLC's untimely motion for leave to file an amicus brief, "[f]iling an amicus brief at this late stage imposes a significant burden not only on Defendants, but on the Court, which ha[s] already extensively reviewed the parties' briefing before the motion to file amicus brief was filed." Order, Dkt. 67 at 2.

The Groups do not explain their failure to comply with the briefing schedule. *See generally*, Mot., Dkt. 66. Instead, the Groups presume that the Court and Defendants will accommodate their late filing because the Court extended the hearing date to October 21, 2021, thereby giving Defendants "ample time to respond." *See id*. at 2-3. But the Court extended the hearing date so that the parties could submit supplemental briefing on two specific questions posed by the Court. Order Requiring Suppl. Briefing, Dkt. 63. In fact, the Court's Order requiring supplemental briefing specifically directed briefing *by the parties*. *Id*. at 2-3. Plaintiffs submitted their supplemental brief on September 21, 2021 (three days before the Groups filed their motion for leave to file an amici brief), and Defendants'

supplemental brief is due October 5, 2021. Allowing the Groups' proposed amici brief at this late stage would distract the Court and the Parties from the subset of issues that are now the focus of supplemental briefing. It would also impose a burden on Defendants as they prepare their supplemental brief, and it would impose a burden on the Court by reopening briefing on issues that have already been briefed.

Finally, the Groups' proposed amici brief does not provide additional information that is useful to a pending decision. The Groups state that they are "uniquely positioned to provide the Court with information regarding the health harms of menthol cigarettes." Mot., Dkt. 66 at 1. But the harms of menthol cigarettes are not disputed in this litigation. Rather, Defendants agree that cigarette smoking causes disease and premature death, menthol makes cigarettes easier to use and harder to quit using, "the continued marketing of menthol cigarettes raises profound health equity issues," particularly for African-Americans, and that "eliminating menthol as a characterizing flavor in cigarettes would benefit public health." *See* FDA Citizen Petition Resp., Dkt. 50-1 at 12-14. Indeed, the Groups repeatedly cite Defendants on these public health issues. *See, e.g., Amici Br.,* Dkt. 66-2 at 3 (quoting Acting Commissioner of Food and Drugs, Janet Woodcock); *id.* at 5 (describing the U. S. Food and Drug Administration's Preliminary Scientific Evaluation of menthol cigarettes), *id.* at 7 (citing a Surgeon General's report and the PATH study, both of which are from components of the U.S. Department of Health and Human Services). And the amici brief is not just about providing public health information. It makes litigation arguments, and duplicates Plaintiffs' positions. *See* Amici Br., Dkt. 66-2 at 14-18.

For all of these reasons, the Court should deny the Groups' untimely motion for leave to file an *amici curiae* brief.

DEFENDANTS' OPPOSITION TO UNTIMELY MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF (DKT. 66)
CASE NO. 4:20-CV-4012-KAW
2

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: September 28, 2021 |  |
| 3 |  | BRIAN M. BOYNTON<br>Acting Assistant Attorney General |
| 4 |  | ARUN G. RAO<br>Deputy Assistant Attorney General |
| 5 |  |  |
| 6 |  | GUSTAV W. EYLER<br>Director |
| 7 |  | HILARY K. PERKINS<br>Assistant Director<br>Consumer Protection Branch |
| 8 |  |  |
| 9 |  |    /s/ Sarah Williams<br>SARAH WILLIAMS |
| 10 |  | Trial Attorney<br>Consumer Protection Branch |
| 11 |  | U.S. Department of Justice, Civil Division<br>P.O. Box 386 |
| 12 |  | Washington, D.C. 20044-0386<br>Telephone: 202-616-4269 |
| 13 |  | Fax: 202-514-8742<br>sarah.williams@usdoj.gov |
| 14 |  |  |
| 15 | Of Counsel: |  |
| 16 | DANIEL J. BARRY<br>Acting General Counsel<br>Department of Health and Human Services |  |
| 17 |  |  |
| 18 | MARK RAZA<br>Acting Chief Counsel<br>Food and Drug Administration |  |
| 19 | Deputy General Counsel<br>Department of Health and Human Services |  |
| 20 |  |  |
| 21 | PERHAM GORJI<br>Deputy Chief Counsel, Litigation |  |
| 22 | SUSAN WILLIAMS<br>Associate Chief Counsel |  |
| 23 | Office of the Chief Counsel<br>U.S. Food and Drug Administration |  |
| 24 | 10903 New Hampshire Avenue<br>White Oak 32, Room 4520 |  |
| 25 | Silver Spring, MD 20993-0002 |  |
| 26 |  |  |
| 27 |  |  |
| 28 | DEFENDANTS' OPPOSITION TO UNTIMELY MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF (DKT. 66)<br>CASE NO. 4:20-CV-4012-KAW |  |

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Christopher K. Leung: chris@pollockcohen.com

Additionally, I separately sent courtesy copies of the foregoing to the following recipients via electronic mail:

    Tim Bryon: tbyron@byronrepheal.com

    Dennis A. Henigan: dhenigan@tobaccofreekids.org

    Connor Fuchis: cfuchus@tobaccofreekids.org

There are no additional manual recipients. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 28, 2021        /s/     Sarah Williams
                                                       SARAH WILLIAMS