1  Christopher K. Leung (SBN 210325)
2  Pollock Cohen LLP
   111 Broadway, Suite 1805
3  New York, NY 10006
   Tel.: (212) 337-5361
4  Fax.: (347) 696-1227
   Chris@PollockCohen.com
5
   *Counsel for Plaintiffs African American*
6  *Tobacco Control Leadership Council,*
   *Action on Smoking and Health, American*
7  *Medical Association, and National Medical*
   *Association*
8
9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                          OAKLAND DIVISION

12  AFRICAN AMERICAN TOBACCO        )  Case Number: 4:20-cv-04012-KAW
    CONTROL LEADERSHIP COUNCIL,     )
13  ACTION ON SMOKING AND HEALTH,   )  **REPLY IN SUPPORT OF PLAINTIFFS'**
    AMERICAN MEDICAL ASSOCIATION,   )  **MOTION FOR ATTORNEYS' FEES AND**
14  and NATIONAL MEDICAL            )  **COSTS**
15  ASSOCIATION,                    )
                                    )
16         Plaintiffs,              )
17         vs.                      )
                                    )
18  U.S. DEPARTMENT OF HEALTH AND   )
19  HUMAN SERVICES; XAVIER BECERRA, in)
    his official capacity as Secretary of the U.S.)
20  Department of Health and Human Services;)
    U.S. FOOD AND DRUG              )
21  ADMINISTRATION; ROBERT M. CALIFF,)
    in his official capacity as Commissioner of Food )
22  and Drugs; CENTER FOR TOBACCO   )
    PRODUCTS; BRIAN KING in his official)
23  capacity as the Director of the Center for )
24  Tobacco Products.               )
                                    )
25         Defendants.              )
                                    )
26                                  )
27                                  )

28

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................ii

INTRODUCTION ........................................................................................................................1

ARGUMENT ...............................................................................................................................1

    I.    This Court's Orders granted Plaintiffs actual relief—thus, Plaintiffs are the prevailing party in this litigation ...........................................................................................................1

        A.    Defendants' "prevailing party" test is contrary to the caselaw....................................1

        B.    The September 15 Order provided "actual relief" to Plaintiffs. ...................................2

        C.    The December 1, 2020 Order also suffices.....................................................................3

            1.    Defendants' counter-narrative is false and unsupported. ........................................3

            2.    The December Order incorporated the parties' stipulation. ....................................4

        D.    The November 17, 2021 Order also suffices....................................................................4

    II.    Defendants' fail to show that their conduct was substantially justified.............................6

        A.    Defendants' prelitigation position was not substantially justified.................................6

        B.    Defendants' litigation positions were not substantially justified..................................7

    III.    Defendants' "special circumstances" are absent. ............................................................8

    IV.    Plaintiffs' requested fees and costs are reasonable. .......................................................11

        A.    Plaintiffs have met their burden for an enhanced hourly rate......................................11

        B.    Plaintiffs' billing records reflect reasonable time spent. ............................................13

CONCLUSION ...........................................................................................................................15

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

1

**TABLE OF AUTHORITIES**

**Cases**

*Camacho v. Bridgeport Fin., Inc.,*
  523 F.3d 973 (9th Cir. 2008 ......................................................................12

*Carbonell v. INS,*
  429 F.3d 894 (9th Cir. 2005) ............................................................1, 2, 4

*Equihua-Equihua v. Sessions,*
  719 Fed. Appx. 580 (9th Cir. 2017) ............................................................4

*Fischer v. SJB-P.D. Inc.,*
  214 F.3d 1115 (9th Cir. 2000) ....................................................................2

*Hardisty v. Astrue,*
  592 F.3d 1072 (9th Cir. 2010) ....................................................................7

*Hassine v. Johnson,*
  53 F. Supp. 3d 1297 (E.D. Cal. 2014) ......................................................13

*Hensley v. Eckerhart,*
  461 U.S. 424 (1983) ....................................................................8, 14, 15

*Innova Sols., Inc. v. Campagnolo,*
  No. 17-cv-03674-VKD, 2021 U.S. Dist. LEXIS 237906 (N.D. Cal. Dec. 13, 2021) ...........6, 7

*INS v. Jean,*
  496 U.S. 154 (1990) ....................................................................................7

*Jankey v. Poop Deck,*
  537 F.3d 1122 (9th Cir. 2008) ............................................................13, 14

*Jianping Li v Keisler,*
  505 F.3d 913 (9th Cir. 2007) ......................................................................4

*Meier v. Colvin,*
  727 F.3d 867 (9th Cir. 2013) ......................................................................7

*Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.,*
  675 (D.C. Cir. 1982) ................................................................................14

*Public Citizen Health Research Group v. Brock,*
  823 F.2d 626 (D.C. Cir. 1987) ............................................................5, 12

*Role Models Am., Inc. v. Brownlee,*
  353 F.3d 962 (D.C. Cir. 2004) ..................................................................13

*Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.,*
  668 F.3d 677 (9th Cir. 2012) ....................................................................14

*Telecommunications Research & Action Center v. FCC,*
  750 F.2d 70 (D.C. Cir. 1984) ....................................................................12

*Welch v. Metro Life Ins. Co.,*
  480 F.3d 942 (9th Cir. 2007) ....................................................................14

*Wood v. Burwell,*
  837 F.3d 969 (9th Cir. 2016) ..................................................................2, 3

**Statutes**

ii

1

N.D. Cal. Local Civil Rule 7-5 ................................................................................................ 3, 12

**Other Authorities**

CNN, *FDA commissioner announces review of food and tobacco programs amid criticism* (July 20, 2022) ................................................................................................................................ 8

Fierce Pharma, *FDA missing more approval target dates as COVID slows inspections* (Oct. 19, 2021) ........................................................................................................................................ 8

Klein Moynihan Turco LLP, *FDA Misses Deadline for E-Cig Regulations* (Apr. 1, 2013) ........ 8

Office of U.S. Senator Dick Durbin, *Durbin Slams FDA's Missed Deadlines to Protect Our Children From Nicotine Addiction* (Sept. 15, 2022) .............................................................. 8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

# INTRODUCTION

Plaintiffs African American Tobacco Control Leadership Council ("AATCLC"), Action on Smoking and Health ("ASH"), and the National Medical Association ("NMA") submit this reply in support of their motion for reasonable attorneys' fees and costs.

As detailed below, Plaintiffs are the prevailing party in this litigation—having achieved much of what they had sought through this action. Defendants have failed to carry their burden in showing that their position was substantially justified, or else that special circumstances exist to make an award unjust. And, Plaintiffs' requested (and adjusted) fees and costs are reasonable in light of the outcome achieved—potentially millions of saved lives, billions of dollars in savings to the federal government, and concrete steps by the U.S. Food and Drug Administration ("FDA") toward the twin goals of health equity and improving public health. Finally, because Defendants' objections are either unsupported or lack merit, this Court should grant Plaintiffs' motion for reasonable fees and costs.

# ARGUMENT

I.   **This Court's Orders granted Plaintiffs actual relief—thus, Plaintiffs are the prevailing party in this litigation.**

Defendants contend for a host of reasons that Plaintiffs are not the prevailing party (*see* Defs.' Opp. at 5–12), but as detailed here, Defendants' arguments miss the mark.

A.   **Defendants' "prevailing party" test is contrary to the caselaw.**

To begin, Defendants' initial argument (i.e., that a judgment on the merits or else a consent decree is required before a party may be considered a "prevailing party," *see id.* at 5–7) misapplies the relevant standard. Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), the relevant question is (a) whether the litigant "achieve[d] a 'material alteration of the legal relationship of the parties'" that is (b) "judicially sanctioned." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)).

In other words, a merits judgment or consent decree are not the only outcomes by which a litigant may be deemed a prevailing party. Procedural remedies may suffice, *see Wood v. Burwell*, 837 F.3d 969, 974 (9th Cir. 2016) (citing cases). Remedies based "on injunctive relief" will count, *see Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (citing *Friend v. Kolodzieczak*, 72 F.3d 1386, 1390 (9th Cir. 1995)). And, a court's order incorporating the parties' voluntary agreement will also suffice, *see Carbonell*, 429 F.3d at 901 (reversing the lower court's denial of prevailing party status, where party obtained a court order incorporating the parties' stipulation to stay plaintiff's deportation); *Fischer*, 214 F.3d at 1118. Thus, Defendants' new "prevailing party" test is of no moment. *See also* Pls.' Br. (ECF No. 83) at 12–16.

**B.      The September 15 Order provided "actual relief" to Plaintiffs.**

Second, contrary to Defendants' suggestion, this Court's September 15, 2020 Order—issued at the initial conference, *see* Sept. 15, 2020 Hr'g Tr. (ECF No. 76) and as reflected by this Court's Minute Order Entry (ECF No. 25)—certainly did provide Plaintiffs with "actual relief." *See also* Pls.' Br. at 6–7, 13.

Plaintiffs' basic complaint with Defendants has always been (a) that despite years of promises, Defendants had not taken any action on the public health problem of menthol in cigarettes—i.e., failed to make a 21 U.S.C. 387g(a)(5) determination concerning whether to include menthol as a banned characterizing flavor in cigarettes, failed to respond to Plaintiffs' 2013 Citizen Petition, and failed (as promised by former FDA Director Scott Gottlieb) to issue a Notice of Proposed Rulemaking aimed at banning menthol in cigarettes; (b) that Defendants' "unexplained" inaction was unlawful and harmed Plaintiffs; and (c) that judicial action was required. *See* Compl. at ¶¶ 10–11, 23, 110–16, 125–28, 138–40 (ECF No. 1).

The September 15 Order provided necessary relief (in part) to Plaintiffs by directing Defendants to produce the Zeller Declaration (i.e., a declaration explaining "the agency's reasons for the delay," Sept. 15, 2020 Hr'g Tr. at 8 (ECF No. 76)) within two weeks of this Court's decision on Defendants' motion to dismiss, *see id.* at 13; Minute Entry Order (ECF No. 25). Notably, Defendants had intended to produce this Declaration at a later point in time (i.e.,

2

concurrently with their anticipated summary judgment motion), *see* Sept. 15, 2020 Hr'g Tr. at 8. But upon further argument from Plaintiffs, this Court opted for a much shorter timeline on a schedule benefitting Plaintiffs. *See id.* at 8–10. That relief served the broader goals of Plaintiffs' claims, and contrary to Defendants' erroneous suggestion, was an action that Defendants "otherwise would not have been required to do." *Wood*, 837 F.3d at 975 (noting that "procedural remedies can constitute a material alteration in the parties' legal relationship").[1]

### C.    The December 1, 2020 Order also suffices.

Defendants' arguments concerning the December 1, 2020 Order, *see* Defs.' Opp. at 8–9, also lack merit.

#### 1.    Defendants' counter-narrative is false and unsupported.

Here, the parties did not simply agree to exchange Defendants' Zeller Declaration for their Citizen Petition response. Rather, the parties agreed that Defendants would (a) respond to Plaintiffs' Citizen Petition (i.e., Plaintiffs' requested relief under Claim II), **and** (b) provide a Section 387g(a)(5) response (i.e., Plaintiffs' requested relief under Claim I). *See id.* at 9 (citing Leung Decl., ¶ 24); *see also* Pls.' Br. at 9, 14.[2] And because Defendants' proposed counter-narrative is unsupported by any affidavit or declaration, *see* Local Civil Rule 7-5(a) (requiring any factual contention made in opposition to any motion to be "supported by an affidavit or

---

[1] Per *Wood*, "When assessing whether there has been a material alteration in the legal relationship of the parties, the order must grant 'relief that the would-be prevailing party sought,' ... but the relief need not be of 'precisely the same character as the relief sought in the complaint' so long as it 'serves the goals of the claim' and 'require[s] defendants to do something they otherwise would not have been required to do.'" 837 F.3d at 975 (internal citations omitted).

[2] As explained by the supporting Declaration of Christopher Leung, ECF No. 82-5, Defendants did not want to provide a Mitch Zeller Declaration (pursuant to this Court's September 15, 2020 Order) explaining the reasons for the agency's delay, competing priorities, or what effect an Order compelling the agency to act might have on its interests. *See id.* Defendants' counsel further offered that by providing this Section 387g(a)(5) determination (as part of its Citizen Petition response), the Defendants would have provided Plaintiffs with all their requested relief. *See id.* The parties then exchanged drafts of their considered agreement and conferred further. *See id.* On November 20, 2020, the parties submitted their voluntary stipulation (with a reservation of rights to Plaintiffs) and proposed Order, *see* Stipulation (ECF No. 39), and this Court later granted this new relief via its December 1, 2020 Order.

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

declaration and by appropriate references to the record."), Defendants' false narrative and argument here may be rejected out of hand.

### 2. The December Order incorporated the parties' stipulation.

Defendants next argue that the Court's December 1 Order only referred to the parties' stipulation by title and did not incorporate the terms of the parties' stipulation; and as a result, such Order lacked the necessary judicial imprimatur. *See* Defs.' Br. at 9 (citing *Wagner v. Chertoff*, 607 F. Supp. 2d 1192, 1199 (D. Nev. 2009)). But again, Defendants are mistaken.

The express incorporation of stipulated terms is not required, "when incorporation by reference is sufficient." *Equihua-Equihua v. Sessions*, 719 Fed. Appx. 580, 582 (9th Cir. 2017) (citing *Carbonell*, 429 F.3d at 897 and *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1031 (9th Cir. 2009)). Indeed, "a district court order stating only "[i]t is so ordered" confers judicial imprimatur and enforceability on an adjacent stipulation." *Carbonell*, 429 F.3d at 897; *Equihua-Equihua*, 719 Fed. Appx. at 582 (holding that the lower court's decision to deny EAJA attorney's fees constituted "an error of law," where the trial court's order was "pursuant to the stipulation of the parties"); *see also Jianping Li v Keisler*, 505 F.3d 913, 918 (9th Cir. 2007) (holding that an order by a mediator "granting an unopposed motion to remand ... bears a sufficient judicial imprimatur to satisfy the prevailing party standard of *Buckhannon*"). In fact, no court in this judicial district or any other federal appellate court has relied on *Wagner* for the principle advanced by Defendants here. Accordingly, this Court should reject Defendants' arguments concerning the December 1 Order.

### D. The November 17, 2021 Order also suffices.

Defendants further misread the scope of this Court's November 17 Order. *See* Defs.' Opp. at 9–11. Contrary to Defendants' suggestion, that Order did not simply manage the Court's docket. Rather, it effectively set a deadline for Defendants to issue the Notice of Proposed Rulemaking. Per the Order, if Defendants failed to issue such Notice, then the Court "may find that the [FDA's] delay is unreasonable under the factors set forth in *Telecommunications Research and Action Center v. FCC* ("TRAC") for determining

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

unreasonable delay." Nov. 17, 2021 Order, at 3. "In short, whether the FDA issues the Notice of Rulemaking as currently planned is potentially determinative to the Court's disposition of the pending motion to dismiss." *Id.*

Defendants would misinterpret this language as the Court indicating that it might (at worst for Defendants) issue an Order denying Defendants' Rule 12 motion to dismiss. *See* Defs.' Opp. at 11. But this Court did not limit itself to that disposition.

This Court, for example, could have (a) converted Defendants' motion into one for summary judgment, ordered cross-briefing, and then issued a judgment on merits on Plaintiffs' "undue delay" claim, *see* Fed. R. Civ. P. 12(d); (b) notified the parties that the Court would be issuing its own Order for summary judgment, *see* Fed. R. Civ. P. 56(f); or else (c) simply decided the undue delay claim under authority of the Administrative Procedure Act ("APA"), *see, e.g.,* *Public Citizen Health Research Group v. Brock*, 823 F.2d 626, 629 (D.C. Cir. 1987) ("*Brock*") (citing *TRAC*, 750 F.2d 70 (D.C. Cir. 1984), which was decided on a writ of mandamus).[3] Indeed, as to this last alternative, the Court had already indicated to the parties that it was considering such a determination, based in part on the parties' supplemental briefing concerning the *TRAC* factors and the amicus filing regarding the same. *See* Sept. 7, 2021 Order (ECF No. 63); Order Granting in Part Mot. to File Amici Curiae Br. (Oct. 4, 2021; ECF No. 69).

Thus, far from Defendants' mischaracterization of the November 17 Order as having "even less impact on the parties' legal relationship," this Court's Order clearly possessed the necessary judicial imprimatur from the Court and provided a key part of Plaintiffs' requested

---

[3] In *Brock*, for example, the D.C. Court of Appeals had grown frustrated with OSHA's slow pace in finalizing a proposed rule intended to protect workers from an increased risk of cancer deaths. Citing the APA, 5 U.S.C. § 706(1), the appellate court found that it was empowered to issue a finding of undue delay, and that such an order "would be more closely tailored than a contempt order[.]" *Id.* at 629. The appellate court then borrowed the agency's own projected deadline to put the agency on notice, and further held that (a) any delay beyond the agency's proposed schedule would be unreasonable and might expose the agency to contempt, and (b) further directed the agency to provide the court with "a concise progress report every 90 days from the date of its order, until the final rule is in place." *See id.*

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

relief—a meaningful deadline by which the FDA would issue the proposed rule.[4] As a result, Plaintiffs are the prevailing party in this litigation, and an award of fees is mandatory.

## II.   Defendants' fail to show that their conduct was substantially justified.

To avoid this outcome, Defendants argue that their litigation conduct was substantially justified, and that consideration of their pre-litigation conduct would be inappropriate, given this Court's purported failure to reach the merits of Plaintiffs' delay claim. *See* Defs.' Opp. at 13–15. But Defendants are mistaken on both counts and fail to meet their heavy burden to show that the exception to a mandatory award applies.

### A.   Defendants' prelitigation position was not substantially justified.

To begin, Defendants are incorrect that this Court may simply ignore Defendants' underlying, pre-litigation delay. As *Innova Sols., Inc. v. Campagnolo*, No. 17-cv-03674-VKD, 2021 U.S. Dist. LEXIS 237906, at *7 (N.D. Cal. Dec. 13, 2021) notes, "In determining whether the government's position was substantially justified, courts should not take a piecemeal approach, but should instead consider the totality of the circumstances and examine the record as a whole and make a single finding." *Id.*

Here, Defendants pre-litigation inaction is a matter of public record. *See* Pls.' Br. at 16–17; Compl., generally. This Court furthermore considered the question of Defendants' undue delay with respect to acting on menthol in cigarettes (*see* Sept. 7, 2021 Order (ECF No. 63); Oct. 4, 2021 Order Granting in Part Mot. to File Amici Curiae Br. (ECF No. 69); Dec. 1, 2021 Order (putting Defendants on notice that the failure to issue a Notice of Proposed Rulemaking on the identified one-year timeline would potentially subject Defendants to an undue delay

---

[4] Defendants also erroneously suggest that the "judicial sanction" prong of the test is measured by whether a litigant violating this Court's Order would be subject to "contempt." *See* Defs.' Br. at 10–11. Defendants confuse the meaning of the test. As used by courts, the test here refers to judicially authorized relief, or relief that carries with it sufficient judicial imprimatur. As noted above, the Ninth Circuit has provided a low bar, observing that "a district court order stating only '[i]t is so ordered'" possesses the necessary judicial imprimatur for enforceability. *See Equihua-Equihua*, 719 Fed. Appx. at 582. The Court's November 17 Order meets this test.

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

finding).[5] And, given that Defendants failed to present any alternate narrative (e.g., through the previously contemplated Zeller Declaration, *see* Local Civ. Rule 7-5), this Court's consideration of Defendants' prelitigation position is more than appropriate. Under such facts, Defendants cannot meet the substantial justification exception. *See INS v. Jean*, 496 U.S. 154, 160 (1990) (noting that if a court finds that the agency's underlying, prelitigation conduct lacks substantial justification, the court need not consider whether the agency's litigation positions were justified); *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013).

> **B.    Defendants' litigation positions were not substantially justified.**

In any event, Defendants' litigation positions do not help their cause. *See* Pls.' Br. at 18–19.

As this Court may recall, Defendants first sought to explain FDA's decision-making status (i.e., as to whether FDA had made a Section 387g(a)(5) determination) by using a confusing double negative. *See* Defs.' Mot. to Dismiss, 19 (ECF No. 26) ("FDA has not made a final decision not to regulate menthol cigarettes, full stop."). At oral argument, Defendants compounded this confusion by stating that FDA had "in fact made a determination not to regulate," that such determination was "tentative," and that the Court nevertheless lacked jurisdiction because no final decision had been made. *See* Nov. 5, 2021 Hr'g Tr., 15–16 (ECF No. 36). This Court correctly found that FDA's position was "bizarre". *See* Pls.' Br. at 8.

Thus, far from the "colorable interpretation" that Defendants suggest, *see* Defs.' Opp. at 13 (citing *In re Hill*, 775 F.2d 1037, 1042 (9th Cir. 1985)), Defendants' litigation position was not substantially justified. *See, e.g., Innova Sols., Inc.*, 2021 U.S. Dist. LEXIS 237906, *10 (N.D. Cal. Dec. 13, 2021) (noting that where an agency's "reasoning is beyond saving"—e.g., where there is no "rational connection" between two conflicting agency directives—no substantial justification exists).

---

[5] Given that this Court did reach the question of undue delay by Defendants, *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010) is inapposite. There, the United States' positions were "unaddressed" by the reviewing court. Here, however, this Court did address (and Defendants certainly had the opportunity to address) Defendants' positions.

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

The same holds true of Defendants' decision to omit including a meaningful deadline (by when FDA would issue a Notice of Proposed Rulemaking) in its Citizen Petition response or Section 387g(a)(5) determination. After years of inaction (*see* Pls.' Br. at 2–6), missed deadlines[6], and broken promises to accelerate the rulemaking process (*see id.* at 5), Defendants' decision to not include a binding deadline simply prolonged the parties' litigation—leading to a supplemental Second Amended Complaint, Defendants' second motion to dismiss, and supplemental briefing by the parties and amici. Thus, no substantial justification exists.

Finally, as to this Court's dismissal of Plaintiffs' third claim that was pled in the alternative (which Defendants cite to as a means for justifying their litigation position), the Supreme Court has noted that "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection ... is not a sufficient reason for reducing a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). In sum, no substantial justification exists.

## III.      Defendants' "special circumstances" are absent.

Defendants' arguments concerning "special circumstances" and the role of the American Medical Association ("AMA") fares no better. In essence, Defendants contend that the AMA's participation in this litigation renders **any** award of attorneys' fees unjust. *See* Defs.' Opp. at 15–18 (relying on *United States v. 1003.58 Acres*, No. EDCV 16-01014-VAP (SPx), 2018 U.S. Dist. LEXIS 242676 (C.D. Cal. July 2, 2018)).

Defendants' relied on case, however, presents vastly different facts than those found here. In that case, the court declined to award fees under the EAJA where five of the seven defendants were ineligible under the EAJA, and two of the individual defendants played a principal role in the litigation and trial, owned the corporate defendants, and paid for the legal

---

[6] *See, e.g.,* Durbin Slams FDA's Missed Deadlines to Protect Our Children From Nicotine Addiction (Sept. 15, 2022), https://www.durbin.senate.gov/newsroom/press-releases/durbin-slams-fdas-missed-deadlines-to-protect-our-children-from-nicotine-addiction; FDA Misses Deadline for E-Cig Regulations (Apr. 1, 2013), https://kleinmoynihan.com/fda-misses-deadline-for-e-cigarette-regulations/. *See also* FDA commissioner announces review of food and tobacco programs amid criticism (July 20, 2022), https://www.cnn.com/2022/07/20/health/fda-commissioner-review-food-tobacco-programs/index.html.

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

fees on behalf of all the defendants. *See id.* at * 35, 40. By contrast, the AMA did not take an active or principal role in this litigation (e.g., by providing deposition or trial testimony), did not pay for the legal fees of the other Plaintiffs (*see* Suppl. Decl. of Leonard Nelson, ¶ 12), and does not own any portion or control any part of the other Plaintiff public health organizations.

To clarify AMA's involvement here for the benefit of this Court, the AMA and Plaintiffs' counsel first spoke in and around December 2019 and January 2020. *See id.* at ¶ 10. Following those talks, the AMA declined to retain Plaintiffs' counsel, *see id.*, and did speak again with Plaintiffs' counsel for several months—i.e., not until well after Plaintiff's initial complaint had been filed. *See id.* at ¶ 11. In the meantime, the AMA continued speaking with several other leading law firms and public health groups about bringing a case against the Department of Health and Human Services (and its subagency, the U.S. Food and Drug Administration ("FDA")) for its inaction on the addressing the harms caused by menthol cigarettes. *See id.* at ¶ 13; Nelson Suppl. Decl. ¶ 6. Those attorneys and law firms that the AMA spoke with were the following:

1. **The Public Health Law Center**, which coordinated the 2013 Citizen Petition on behalf of 18 public health groups, as well as the 2021 Supplement;

2. **Bloomekatz Law LLC**, whose primary attorney, Rachel Bloomekatz, previously clerked for U.S. Supreme Court Justice Stephen Breyer, and was nominated this year to serve on the Sixth Circuit Court of Appeals;

3. **Schiff Hardin**, a predecessor to ArentFox Schiff, an international law firm with more than 650 attorneys and other professionals;

4. **Democracy Forward**, a law firm with broad experience suing the federal government and which had brought suit against the FDA (on behalf of several public health groups and professionals) for the agency's violations of the Tobacco Control Act and Administrative Procedure Act (concerning the agency's treatment of electronic cigarettes under the Deeming Rule), *see American Academy of Pediatrics et al. v. Food and Drug Administration et al.*, Case No. 8:18-cv-00883-PWG (D. Md.);

5. **Wilmer Cutler Pickering Hale & Dorr LLP** (today known as WilmerHale)—i.e., Democracy Forward's co-counsel in *American Academy of Pediatrics, supra*, and *The American Lawyer*'s 2020 Law Firm of the Year[7];

6. **Campaign for Tobacco-Free Kids**, a leading advocacy organization working to reduce tobacco use in the United States, and co-counsel to Democracy Forward in *American Academy of Pediatrics, supra*; and

7. **Zuckerman Spaeder, LLP**, a premier litigation firm whose Food and Drug practice group is led by Bill Shultz, the former general counsel to the Department of Health and Human Services and FDA Deputy Commissioner, *see* https://www.zuckerman.com/practices.

*See* Nelson Suppl. Decl. at ¶ 6. None of these law firms or public health groups were able to suggest the combination of a viable legal theory, a willingness to take the case, and a suitable legal fee. *See* Nelson Decl. at ¶ 14. The first five (for a variety of reasons) declined to represent the AMA in the lawsuit that it was proposing. *See* Nelson Suppl. Decl. at ¶ 7. The Campaign for Tobacco-Free Kids and Zuckerman Spaeder were in talks with the AMA when this initial lawsuit was filed. *See id.*

In early August 2020 (i.e., after AATCLC and ASH had filed this lawsuit), the AMA reached out to Plaintiffs' counsel. *See id.* at ¶ 12. Wishing to use the AMA's position to bring positive attention to what Plaintiffs were seeking to achieve, the AMA ultimately retained Plaintiffs' counsel for a flat fee retainer to cover a portion of the fees and costs which would be incurred on behalf of the AMA. *See id.* The AMA then formalized its agreement with counsel on August 25, 2020, which can be provided to this Court under seal. *See id.*

---

[7] https://www.wilmerhale.com/en/insights/news/20210115-wilmerhale-named-law-firm-of-the-year-by-the-american-lawyer#:~:text=WilmerHale%20Named%20Law%20Firm%20of%20the%20Year%20by%20The%20American%20Lawyer,-January%2015%2C%202021&text=The%20firm%20was%20recognized%20for,clients%20in%20high%2Dstakes%20matters.

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

1  Under such facts, Defendants' call to deny any attorney fee award at all to Plaintiffs'

2  counsel would be unjust. *See, e.g., League for Coastal Prot. v. Kempthorne*, No. C 05-0991-

3  CW, 2006 WL 3797911, at *3 (N.D. Cal. Dec. 22, 206) (holding that Sierra Club's ineligibility

4  as a "party" under the EAJA did not bar its co-plaintiffs' request for reasonable attorneys' fees).

5  That said, to address Defendants' new concern (which had not been raised previously with

6  Plaintiffs' counsel, *see* Leung Suppl. Decl. ¶ 5), Plaintiffs agree not to seek fees on the nine

7  entries specifically involving the AMA (i.e., 3.6 hours for a reduction of $2,320 in requested

8  fees) and to further reduce Plaintiffs' requested fees by the flat fee amount contributed by the

9  AMA.[8] In sum, no "special circumstances" exist to make a fee award here unjust.

10      **IV.**    **Plaintiffs' requested fees and costs are reasonable.**

11  Defendants next argue that (a) Plaintiffs fail to meet their burden in supporting their

12  request for an enhanced rate, and (b) that Plaintiffs' submitted records are vague or

13  unreasonable. But such arguments lack merit.

14      **A.**    **Plaintiffs have met their burden for an enhanced hourly rate.**

15  As further explained by the Supplemental Declaration of Leonard Nelson, Senior

16  Assistant General Counsel for the AMA, there were few qualified law firms or attorneys willing

17  to bring a case against the Defendants for their inaction relating to menthol in. *See* Suppl. Decl.

18  of Leonard Nelson, ¶ 6. Plaintiffs' counsel, however, possessed the necessary background and

19  skills to bring this case. *See* Leung Decl. at ¶¶ 8–15; Nelson Decl. at ¶ 13–14.

20  Defendants' relied-on case—i.e., *NRDC v. Winter*, 543 F.3d 1152 (9th Cir. 2008)—

21  moreover supports Plaintiffs' request for an enhanced fee. There, the appellate court upheld the

22  fee award for a senior attorney whose only additional source of expertise came from "serving as

23  co-lead counsel in *NRDC I* [the companion case] and one other case," decided 14 years prior

24  to *Winter. Id.* at 1156; *see also id.* at 1161 ("we think the district court's determination that this

---

[8] As an additional alternative, the Plaintiffs would suggest reapportionment based on when Plaintiffs' counsel was retained by the AMA and Plaintiff National Medical Association. *See* Suppl. Leung Decl. at ¶¶ 9–12.

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

earlier, additional litigation constituted sufficient prior experience to justify an enhanced fee award was reasonable").

Here, counsel's experience far surpasses the threshold established by the court in Winter. In addition to strong familiarity with the statutory and regulatory environment surrounding tobacco control, counsel had previously served as the lead attorney on a case that similarly required expertise in administrative law, public health, and complex regulatory schemes while at Earthjustice. *See* Leung Decl. at ¶¶ 8–15; Leung Suppl. Decl. at ¶ 13.

In any event, because Defendants fail to identify any other qualified counsel that were both qualified and willing to bring a similar action, Defendants' argument on this point should be rejected as improperly unsupported. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits."); *see also* Local Civil Rule 7-5 (requiring an affidavit or declaration to support any factual contention made in opposition to any motion).

Likewise, with respect to Defendants' contention that it was unreasonable for Plaintiffs' counsel to have spent 80 hours developing the theory of Plaintiffs' undue delay claims, Defendants assertion is again unsupported, *see id.*, and thus fails. Indeed, the D.C. Circuit has observed, "Deciding whether a particular set of agency actions constitutes 'unreasonable delay' is a tricky proposition." *Public Citizen Health Research Group v. Brock*, 823 F.2d 626, 629 (D.C. Cir. 1987). This is because federal regulatory schemes can be complex, courts are often deferential to an agency's priorities, indicia for how quickly Congress may have wanted an agency to act can be sparse, the amount of discretion afforded to an agency can vary, and the harm to public health implicated by the delay must be considered and weighed against the agency's competing priorities. In short, the agency's delay must be so egregious to warrant mandamus. *See Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 79 (D.C. Cir. 1984). Compounding the difficulty of assessing such whether Defendants'

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

delay was unreasonable, was the fact that many of the "public" documents were in fact archived by Defendants. *See, e.g.*, Compl. at ¶¶ 39, 59–60, 63–66, 86.

Defendants also suggest that this case is a "garden variety administrative law matter" (*see* Defs.' Br. at 21, citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004)), and that as a result, enhanced fees are inappropriate. But as noted above, this case is anything but "garden variety," as reflected by the fact that Defendants fail to cite any other cases factually similar to this one. *See* Local Civil Rule 7-5. In *Hassine v. Johnson*, 53 F. Supp. 3d 1297 (E.D. Cal. 2014), the delay in question was in the processing of an immigration application, which the agency was required to respond to within 120 days, instead of 2.5 years. *See id.* at 1299.

Finally, Defendants mistakenly assert that Plaintiffs' counsel have not revealed their own rates, *see* Defs.' Br. at 22. In fact, Plaintiffs have in multiple locations. *See* Pls.' Br. at 23, Leung Decl. Ex. A.

Thus, because Defendants' arguments contesting the knowledge or skill of Plaintiffs' counsel are unsupported, this Court may reject Defendants' argument on this point.

**B.    Plaintiffs' billing records reflect reasonable time spent.**

Defendants' argument concerning Plaintiffs' billing records (*see* Defs.' Br. at 23–24) also lack merit. As discussed above, Plaintiffs have now taken steps to address the AMA's time entries—i.e., by proposing to remove the time entries related to the AMA and to reduce its requested fees by the amount covered by the AMA's flat fee retainer to counsel.

Second, Plaintiffs request to impose a meaningful deadline on Defendants to issue a Notice of Proposed Rulemaking, did not needlessly prolong this litigation. As discussed above, given FDA's history of delay and broken promises, requesting such a deadline was reasonable and the specific relief provided by the Court's December 1 Order.[9]

---

[9] Defendants' reliance on *Jankey v. Poop Deck*, 537 F.3d 1122, 1134 (9th Cir. 2008) is misplaced. There, the plaintiff requested access from defendant in accordance with the Americans with Disabilities Act. The defendant then proposed certain modifications to provide such access. After four months of silence by plaintiff, and two months in which plaintiff accepted and then unaccepted the proposal, the plaintiff finally proposed a settlement agreement that essentially

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

Third, Plaintiffs' billing records provide the level of detail necessary for this Court to scrutinize Plaintiffs' billing records. Per the Supreme Court, "Plaintiff's counsel … is not required to record in great detail how each minute of his time was expended." So long as counsel identifies "the general subject matter of his time," such descriptions are sufficient. *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). For example, in *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 (D.C. Cir. 1982), a case that Defendants cite, the appellate court there noted that the billing entry "drafting motion for extension of time; Legal research—pro se attorneys' fees" was sufficient. *Id.* at 1337. That level of detail closely mirrors the billing entries provided by Plaintiffs, *see* Leung Decl. Ex. B.

Defendants' complaint as to block-billing is similarly overblown. When there are "voluminous" billing entries (i.e., spanning two or more years) and only a few block-billed entries, a court may use its discretion to award fees without a reduction. *See Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012),. Here, of Plaintiffs' over 350 billing entries spanning over three years (*see* Leung Dec. Ex. B), Defendants take issue with four, *see* Defs.' Br. at 24 (identifying Sept. 14, 2019[10], Oct. 30, 2019, Jan. 5, 2020, and Jan. 6, 2020). Given that these entries still permit this Court to determine the reasonableness of such entries, *see Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (observing that block billing is disfavored insofar as the court cannot determine the reasonableness of any time entry), this Court should allow these entries to remain. In the alternative, a 20% reduction of those four block-billed entries (i.e., using the methodology approved in *Welch*) is appropriate.

Finally, as to Defendants' argument that time spent on unsuccessful or rejected claims and arguments should be excised (*see* Defs.' Br. at 24), Defendants go too far. As noted earlier, "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection … is not a sufficient reason for reducing a fee. The result is what matters." *Hensley*, 461

---

restated the modifications that defendants had suggested six months earlier. *See id.* at 1134. Such facts are absent here.

[10] Plaintiffs assume that Defendants mean September 13, 2019, as there is no time entry for September 14, 2019. *See* Leung Decl., Ex. B at 3.

Reply In Support of Plaintiffs' Motion for Attorneys' Fees and Costs
Case No.: 4:20-cv-04012-KAW

U.S. at 435. Indeed, rather that attempting to parse unsuccessful "related legal theories" (that are compensable, *see id.*) from unsuccessful "unrelated" claims (that are not), a court should instead "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

Here, the overall relief obtained by the Plaintiffs in comparison to the hours reasonably expended on this litigation is enormous. As others have recognized, Plaintiffs' achieved relief has led to FDA's "historic action" to prohibit menthol in cigarettes. *See* Campaign for Tobacco-Free Kids, Press Release (Apr. 29, 2021), https://www.tobaccofreekids.org/press-releases/2021_04_29_fda-menthol-announcement. And if FDA finalizes this proposed rule, the benefits to public health will be enormous. As noted earlier, such a rule will among other things, "reduce the appeal of cigarettes, particularly to youth and young adults," increase quitting among smokers, reduce health disparities, advance health equity, and result in between $102 billion and $353 billion in annualized benefits per year. *See* Pls.' Br. at 12, 19.

## CONCLUSION

For all the foregoing reasons, Plaintiffs request that this Court grant their motion for reasonable attorneys' fees and costs.

Date:   October 11, 2022
         New York, NY

                                   Respectfully submitted,

                                   */s/ Christopher Leung*
                                   Christopher K. Leung (SBN 210325)
                                   Pollock Cohen LLP
                                   111 Broadway, Suite 1805
                                   New York, NY 10006
                                   Tel.: (212) 337-5361
                                   Fax.: (347) 696-1227
                                   Chris@PollockCohen.com

                                   *Counsel for Plaintiffs African American Tobacco Control Leadership Council, Action on Smoking and Health, American Medical Association, and National Medical Association*

15